CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 14 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BEATON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11cv00309 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| V.D.O.C., et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

Plaintiff Christopher Beaton, a Virginia inmate proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care. The court finds that Beaton's allegations fail to state a claim upon which the court may grant relief; and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Beaton alleges that while working as an inmate plumber, he slipped and fell, injuring his knee and back. Beaton requested medical treatment the next day and a nurse examined him. Upon examination, the nurse called upon Dr. Wang, the institutional physician. Dr. Wang assessed Beaton's injuries and ordered an x-ray. The x-ray came back negative and Dr. Wang prescribed ibuprofen for the pain and took Beaton off work detail for fourteen days. Beaton states that an x-ray was "not appropriate" and requests an MRI scan. He argues that Dr. Wang was "negligent in his assessment and treatment" of Beaton's injuries.

II.

Beaton complains that defendant Wang acted "negligent[ly]" and violated his constitutional rights by failing to provide him with adequate medical treatment. However, the court finds that Beaton's allegations amount to nothing more than a doctor-patient disagreement which is not actionable under § 1983. Therefore, the court dismisses his complaint.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). An assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell, 528 F.2d at 319; Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Further, questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)).

Beaton concedes that after his fall he was seen, evaluated, and treated by Dr. Wang for his injuries. Although he may disagree with the course of treatment he is receiving, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Moreover, to the extent Beaton alleges that defendant Wang was negligent in assessing Beaton's injuries or determining his course of treatment, assertions of mere negligence are also not actionable under the Eighth Amendment. Accordingly, the court finds that Beaton has not demonstrated that the defendants acted with deliberate indifference and, thus, Beaton has failed to state a constitutional claim.

## III.

For the reasons stated herein, the court dismisses Beaton's action for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

**ENTER:** This July 14, 2011.

United States District Judge